# Third District Court of Appeal

**State of Florida**


Opinion filed December 23, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2638
Lower Tribunal No. 00-35187A
_____


**Terence Harris,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Terence Harris, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before WELLS, ROTHENBERG and EMAS, JJ.

PER CURIAM.

We affirm without discussion the trial court's order denying Harris' motion to correct illegal sentence, under Florida Rule of Criminal Procedure 3.800(a), asserting a violation of his speedy trial rights under rule 3.191.

Harris' motion was properly denied, as such a claim is not cognizable under rule 3.800(a), and to the extent that such a claim is cognizable as a motion for postconviction relief under rule 3.850, it is time-barred. Further, Harris' motion is successive, as Harris raised the very same claim in a prior motion, which was denied by the trial court and affirmed on appeal.

**ORDER TO SHOW CAUSE**

Further, we note that this is at least the tenth pro se collateral appeal or original proceeding filed by Harris related to the conviction or sentence in lower court case number 00-35187.[1] This court has affirmed the lower court's decision, or otherwise denied relief, in each of these prior proceedings. Harris has engaged in the filing of meritless, time-barred and successive claims, continuing to seek relief from this court on the same claims, notwithstanding prior adverse determinations. Harris' actions have caused this court to expend precious and finite judicial resources which could otherwise be devoted to cases raising legitimate claims. Hedrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2010) ("A

---

[1] See 3D14-1192; 3D14-1050; 3D12-2972; 3D10-2995; 3D10-412; 3D09-1223; 3D08-3155; 3D07-2990; 3D07-1255.

2

legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.")

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla. 1999). As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant's right to participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Therefore, Appellant Terence Harris is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his conviction or sentence in circuit court case number 00-35187. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to circuit court case number 00-

35187, unless they have been reviewed and signed by an attorney who is a duly licensed member of the Florida Bar in good standing.

Additionally, and absent a showing of good cause, this court intends to issue an order to be forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2015).

Affirmed. Order to Show Cause issued.